IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONTERIO J. WESCO, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-594-E-BK |
| | § | |
| NAVY FEDERAL CREDIT UNION, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On March 11, 2024, Monterio Wesco, a Texas resident, filed a complaint against the Navy Federal Credit Union (NFCU) and CFO John Collins alleging breach of contract. Doc. 3 at 1-2; Doc. 3 at 6. The complaint is inartfully pled and nonsensical. Wesco asserts that he entered into "a consumer credit transaction" with NFCU, NFCU failed to return a negotiable instrument that Wesco sent to NFCU and, as a result, NFCU is in breach of its contract with Wesco and in violation of the fiduciary duty owed him. Doc. 3 at 6. Wesco asserts violations of the "Bill of Exchange, Truth in Lending, Equal Credit Opportunity Act, Federal Reserve, Section 16 and 29 abc" and alleges breach of contract and gross negligence. Doc. 3 at 3, 7-8. Wesco seeks damages and specific performance. Doc. 3 at 8-9.

In the *Civil Cover Sheet*, Wesco checks the boxes for (1) federal question jurisdiction and (2) "Negotiable Instrument" for the nature of suit. Doc. 3 at 28. He describes his cause of action as involving "Bill of Exchange Act, Federal Reserve Act 16, 29, Equal Credit Opportunity Act, Truth in Lending Act" and states "Defendant violated [his] rights resulting in breach of contract." *Id.*

This is the second action that Wesco files against Defendants in less than four months raising similar claims. *Wesco v. John Collins, et al.*, No. 3:23-CV-2582-S-BK (N.D. Tex. filed Nov. 21, 2023) (pending review of Jan. 16, 2024 recommendation (Civ. Doc. 13) to dismiss action for failure to state a claim). Wesco paid the filing fee for the instant action and the Clerk of the Court issued summons for NFCU at Wesco's request. Doc. 4.

Upon review, the Court concludes that subject matter jurisdiction is lacking.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52

(5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Wesco has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Wesco's complaint, however, contains no factual allegations that support federal question jurisdiction. As noted, the complaint relates to a breach-of-contract claim. And Wesco's fleeting mention of the Federal Reserve Act, the Truth in Lending Act, and the Equal Credit Opportunity Act is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction").

Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted);

*see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, Wesco alleges NFCU is a business entity registered to do business in Dallas County, Texas, and proffers no facts to establish NFCU is a citizen of a different state. Doc. 3 at 2; Doc. 3 at 28. Thus, based on Wesco's own assertions, subject-matter jurisdiction on the basis of diversity is non-existent. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question jurisdiction, and Wesco cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.[1]

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As demonstrated above, the facts as alleged in Wesco's complaint demonstrate a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. Wesco has also failed to state any plausible claim. Thus, granting leave to amend would be

---

[1] Based on this same dearth of plausible facts, it is also clear that even assuming subject matter jurisdiction, Wesco has failed to state a legally viable claim for relief.

futile and cause needless delay.  Nonetheless, the 14-day statutory objection period will permit Wesco to proffer facts, if any, that can cure the jurisdictional and other deficiencies noted above.

### IV. CONCLUSION

For all these reasons, Wesco's action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 18, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).